UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| VALERIE BROOKS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BANK OF SAN FRANCISCO, a California corporation; and DOES 1 to 10, inclusive,<br><br>        Defendants. | No. 2:20-cv-01366-WBS-CKD<br><br>ORDER RE: MOTION TO STRIKE AFFIRMATIVE DEFENSES |

----oo0oo----

        Plaintiff Valerie Brooks ("plaintiff" or "Brooks") brought this action against Bank of San Francisco ("defendant" or "Bank of San Francisco") and Does 1 through 10[1] seeking damages related to defendant's alleged violations of the Americans with

---

[1] The Doe defendants have not appeared and there is no indication as to who they are. Accordingly, the court will refer to Bank of San Francisco as the sole defendant for purposes of this order.

1

1  Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and the
2  Unruh Civil Rights Act, Cal. Civil Code § 51 et seq.  Plaintiff's
3  Motion to Strike Affirmative Defenses 1-8, 10-13, and 15-18 in
4  Defendant's Answer is currently before the court.  ("Mot. to
5  Strike") (Docket No. 8).)
6         Under Federal Rule of Civil Procedure 12(f), "the court
7  may strike from a pleading an insufficient defense or any
8  redundant, immaterial, impertinent, or scandalous matter."  See
9  Fed. R. Civ. P. 12(f).  Affirmative defenses can be challenged as
10 a matter of pleading or as a matter of law.  See Harris v.
11 Chipotle Mexican Grill, Inc., 303 F.R.D. 625, 627 (E.D. Cal. Oct.
12 7, 2014) (Shubb, J.).  Plaintiff argues that defendant's fourth,
13 eighth, eleventh, thirteenth, sixteenth, and eighteenth defenses
14 are insufficient as a matter of pleading because they are merely
15 recitations of legal doctrines with no supporting facts or
16 allegations connecting the doctrine at issue to the facts of the
17 case.  (Mot. to Strike at 6, 8–11.)
18         When asserting an affirmative defense, "[a] reference
19 to a doctrine, like a reference to statutory provisions, is
20 insufficient notice."  Qarbon.com Inc. v. eHelp Corp., 315 F.
21 Supp. 2d 1046, 1049 (N.D. Cal. Feb. 26, 2004).  Defendant has
22 failed to provide facts sufficient to state the nature and
23 grounds of all these affirmative defenses or to connect the label
24 of the doctrines asserted to the facts of this case.  (See Answer
25 at 10–12.)  Accordingly, the fourth, eighth, eleventh,
26 thirteenth, sixteenth, and eighteenth defenses fail to provide
27 fair notice as a matter of pleading and conceivably pose a risk
28 that plaintiff will have to engage in futile discovery,  see

2

1   Rosales, 133 F. Supp. 2d at 1180.

2      Plaintiff argues that Affirmative Defenses 10
3   (Reasonable Portion of Website Accessible) and 15 (Lack of
4   Subject Matter Jurisdiction) are not actually affirmative
5   defenses and should be stricken on that basis.  (Mot. to Strike
6   at 8-10.)  "A defense which demonstrates that plaintiff has not
7   met its burden of proof is not an affirmative defense."
8   Zivkovic. v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir.
9   2002.)  Regardless of whether these defenses are properly
10  characterized as "affirmative," the court will deny plaintiff's
11  motion to strike these defenses because plaintiff has failed to
12  show that she will suffer any prejudice if these defenses are
13  left in the defendants' Answer.  See Rosales, 133 F. Supp. 2d at
14  1180.  In fact, it is more likely that the parties and the court
15  have already expended more resources than necessary on this
16  motion.

17     IT IS THEREFORE ORDERED that plaintiff's motion to
18  strike defendant's affirmative defenses be, and the same hereby
19  is, GRANTED as to defendant's fourth, eighth, eleventh,
20  thirteenth, sixteenth, and eighteenth affirmative defenses, and
21  DENIED in all other respects.

22     Defendant has twenty days from the date this Order is
23  signed to file an amended answer if it can do so consistent with
24  this Order.

25  Dated:  November 17, 2020

            WILLIAM B. SHUBB
            UNITED STATES DISTRICT JUDGE